UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| ROBERT DALE HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0: 09-01-HRW |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH MEKO, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Robert Dale Hicks is an inmate confined at the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky.  Through this action, Hicks contends that LSCC staff are deliberately indifferent to his serious medical needs with respect to (1) the adequacy of the shower facilities at LSCC for disabled persons and (2) the requirement that he reuse and clean catheters for urethral catheterization instead of being able to use single-use disposable catheters.  Having reviewed the Complaint,[1] the Court concludes that Hicks's disagreement with the medical treatment he is being provided does not constitute "deliberate indifference" to his serious medical needs as required to state a constitutional claim under the Eighth Amendment, and his Complaint will therefore be dismissed.

I.    **Background**

---

[1]  The Court must review a complaint filed by a plaintiff who is permitted to proceed without prepayment of the filing fee or who is a prisoner seeking relief against government entities or officials.  28 U.S.C. §§ 1915(e)(2), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  Because the plaintiff is not represented by an attorney, her complaint is held to a more lenient standard.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  When reviewing the complaint, the Court assumes that the facts alleged are true, and draws all reasonable inferences in the plaintiff's favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  The Court must dismiss any claim which fails as a matter of law.  28 U.S.C. § 1915(e)(2).

In his Complaint, Hicks indicates that he regularly obtains from LSCC's medical department a number of catheters, fleet enemas, and latex gloves, to perform urethral catheterization. Hicks indicates that on at least one occasion he was not given as many of these items as he wished or experienced some delay in receiving them. Hicks expresses concern regarding the heightened potential for infection in the prison environment, and "[a]ll professionals & specialist in this area, have consistently made clear that catheters cannot be reused because it is dangerous and can only cause more infections." [R. 1 at pg. 4]

In response to his grievances regarding this issue, the nursing staff indicate that Hicks has been advised on the proper methods for self-catheterization and cleaning of catheters after each use. Attached to a response is a one-page document entitled "Protocol for Self-Catheterization Inmates," [R. 1-2 at pg.3] which explains the method for cleaning a catheter so that it can be reused by the same patient for up to one week by cleaning it with antibacterial soap after each use, but cautioning the inmate to seek medical care if he or she experiences any of the identified symptoms, which could be a sign of infection. In the Kentucky Department of Corrections' final review of Hicks's grievance, Medical Director Scott Haas, M.D., explained that cleaning a catheter after each use by the same patient is not the same as sterilizing a catheter for subsequent use, presumably by a different patient, and denying the grievance.

Hicks also submitted with his Complaint grievance forms in which he complains that the prison is equipped with fixed showerheads which do not permit him to clean himself adequately, and that a handheld showerhead is required. In response to his grievance with the prison, LSCC's maintenance manager indicates that the prison has mounted a showerhead 48 inches above the floor,

which complies with the "United States Department of Justice ADA Regulations and Technical Assistance Manual, Section 4.20 sub section 4.21.6 ..."

## II.      Discussion

The Eighth Amendment to the Constitution of the United States protects an individual's right to adequate medical care while incarcerated. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). If prison officials show "deliberate indifference to the serious medical needs of prisoners," they inflict "Cruel and Unusual Punishments" in violation of the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). The Eighth Amendment is therefore only violated where prison officials consciously disregard a serious threat to the prisoner's health.

When prison officials provide medical care in good faith but it nonetheless fails to promptly or completely restore the prisoner to good health, those officials are not "deliberately indifferent" to the prisoner's health. *Holmes v. Sheahan*, 930 F.2d 1196, 1199 (7th Cir. 1991). If the prisoner, or even another doctor, disagrees with the treatment provided, so long as it meets minimal standards of adequacy, a mere disagreement over medical judgment states no constitutional claim. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment."). A claim that medical treatment was inadequate may present a viable medical malpractice claim under state tort law, but it does not state a constitutional claim. *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Estelle*, 429 U.S. at 106 ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

3

Both of Hicks's claims allege, either expressly or by implication, that the Defendants' conduct places him at an excessive risk of infection and hence disease. However, as the Defendants' responses to each of his grievances indicate, the Defendants are neither unaware of nor indifferent to that risk. With respect to Hicks' request for a handheld showerhead, the staff response indicates that the jail has responded by installing a showerhead in compliance with the DOJ's guidelines for accommodation under the ADA. Such a choice indicates a reasonable response to address competing needs, offering some accommodation to the needs of prisoners with limited mobility while avoiding risks intrinsic to installing a handheld showerhead, which would include a length of flexible metal tubing, an item which could readily be used as a weapon. Further, Hicks's disagreement with the nature of the shower facilities sound, at most, of negligence, a claim not cognizable under the civil rights statutes. *Woodrich v. Greiner*, 2002 WL 1402002 (S.D.N.Y. 2002) (claim regarding safety of shower area not cognizable as deliberate indifference under Eighth Amendment); *Johnson v. Snyder*, 444 F.3d 579, 585-86 (7th Cir. 2006) (jail's response to fall in shower by plaintiff, an amputee, by placing fixed bench or chair in shower refuted any claim of deliberate indifference); *Foreman v. Bureau of Prisons*, 2007 WL 108457 (3rd Cir. 2007) (plaintiff-prisoner, a T-5 paraplegic, failed to state Eighth Amendment claim based upon alleged inadequacy of shower chair provided by prison officials).

Nor does Hicks's disagreement with his physicians regarding the frequency of replacing a catheter state a cognizable constitutional claim. *Branum v. Chambless*, 2005 WL 2277620 (S.D.Tex. 2005) (inmate's disagreement with physician's order directing use of latex catheter despite inmate's request for non-latex catheter because of alleged allergic reaction does not demonstrate deliberate indifference) (*citing Norton v. Dimazana*, 122 F.3d 286 (5th Cir. 1997)); *Morgan v. Mississippi*,

4

2009 WL 1609060, **7-10 (S.D. Miss. 2009) (rejecting deliberate indifference claim predicated upon prisoner's concern about developing urinary tract infection because physician ordered only one new external catheter per week and new leg bag per month); *McGiffin v. Clayton*, 2008 WL 416929, **4-5 (E.D. Tex. 2008) (plaintiff-prisoner's allegations regarding delays in receiving new catheters and frequency of replacement constituted disagreement regarding sufficiency of medical care, a claim sounding in medical malpractice rather than deliberate indifference).

### III.    Conclusion

Accordingly, **IT IS ORDERED** that:

1.     Plaintiff's Complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2.     Plaintiff's Motion for Injunctive Relief  and Motion for Restraining Order [R. 3] is **DENIED AS MOOT**.

2.     The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

3.     The Court will enter an appropriate judgment.

This July 13, 2009.



Signed By:

*Henry R Wilhoit Jr.*

United States District Judge